UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISON

CASE NO.:

CLASS/COLLECTIVE ACTION

MORRIS S. DREW, individually
and on behalf of all those similarly
situated,

Plaintiff,

vs.

CENTRAL FLORIDA TRANSPORT, LLC.
and PATRICK MCLAUGHLIN,

Defendants.

_____/

## PLAINTIFF'S COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, MORRIS S. DREW, individually and on behalf of all other similarly situated employees (hereinafter referred to collectively as "MR. DREW" or Plaintiff"), by and through his undersigned counsel, hereby files this Complaint and Demand for Jury Trial against CENTRAL FLOIRDA TRANSPORT, LLC. and PATRICK MCLAUGHLIN (hereinafter referred to collectively as "Defendants"), and states as follows:

## I.    INTRODUCTION

1.    MR. DREW brings this cause of action raising: (1) a Representative Action pursuant to 29 U.S.C. § 216(b) (authorizing representative actions under the Fair Labor Standards Act ("FLSA")) seeking to represent a class of employees denied unpaid minimum wage pursuant to 29 U.S.C. § 206 and unpaid overtime wages pursuant 29 U.S.C.

1

§ 207; (2) an individual claim for violations of the Truth-in-Leasing pursuant to 49 C.F.R. § 376.11 and 49 U.S.C. § 14704; and (3) an individual claim for violation of 26 U.S.C. § 7434.

2.      This Complaint contains a collective action under the Federal Fair Labor Standards Act, for failure to pay overtime wages and minimum wages in violation of the Fair Labor Standards Act, as amended, 29 U.S.C. Section 201, *et. seq.* (hereinafter "FLSA").

3.      The FLSA prevents the exploitation of a class of workers who are in an unequal position with respect to bargaining power and are thus relatively defenseless against the denial of a living wage is not only detrimental to their health and well being but casts a direct burden for their support upon the community. What these workers lose in wages the taxpayers are called upon to pay.

4.      The Defendants utilized their unequal bargaining power to render defenseless MR. DREW, as well as all other similarly situated employees, against the denial of the living wage they are entitled to receive and protected by 29 U.S.C. § 206 and 29 U.S.C. § 207.

5.      MR. DREW brings this action on behalf of himself, as well as other similarly situated employees, who were misclassified as independent contractors and who performed work or worked as truck drivers for Defendants at CENTRAL FLORIDA TRANSPORT, LLC.'s location in Coleman, Florida.

6.      MR. DREW will seek conditional certification and notice to an opt-in class of employees who: (1) are or were employed by Defendants at CENTRAL FLORIDA

TRANSPORT, LLC.'s location in Coleman, Florida during the last three years; (2) performed the duties of truck driver; (3) were classified as independent contractors; and (4) were not properly paid overtime wages and/or minimum wages in violation of the Fair Labor Standards Act.

7.     MR. DREW also brings an individual claim for violations of the Truth-in-Leasing pursuant to 49 C.F.R. § 376.11 and 49 U.S.C. § 14704 against CENTRAL FLORIDA TRANSPORT, LLC.

8.     The Truth-in-Leasing protects truck drivers from abusive leasing practices.

9.     MR. DREW also brings an individual claim for violation of 26 U.S.C. § 7434(a) against CENTRAL FLORIDA TRANSPORT, LLC.

## II.     JURISDICTION AND VENUE

10.     This Court has jurisdiction to hear this Complaint pursuant to 28 U.S.C. § 1331.

11.     Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in Sumter County, Florida.  Venue is proper in the Ocala Division of the Middle District of Florida pursuant to rule 1.02, Local Rules of the Middle District of Florida.

## III.     GENERAL ALLEGATIONS

12.     CENTRAL FLORIDA TRANSPORT, LLC. provides hauling services, to include hauling stone, lime rock, coal and dirt, within the State of Florida to its customers using its fleet of tractor trailer end dumps.

13.     Defendant, CENTRAL FLORIDA TRANSPORT, LLC. is an "employer"

3

as defined by 29 U.S.C. Section 203(d). The Defendant, CENTRAL FLORIDA TRANSPORT, LLC., has employees subject to the provisions of the FLSA in the location where the named Plaintiff was employed.

14.     Defendant, CENTRAL FLORIDA TRANSPORT, LLC. has employed two or more persons "engaged in commerce or in the production of goods for commerce," or has "had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by a person," as defined by 29 U.S.C. Section 203(s)(1)(A)(i).

15.     MR. DREW avers that at all times relevant to the violations of the Fair Labor Standards Act Defendant, CENTRAL FLORIDA TRANSPORT, LLC. was an enterprise whose annual gross volume of sales made or business done was not less than $500,000, in accordance with 29 U.S.C. 203(s)(1)(A)(ii).

16.     Defendant, PATRICK MCLAUGHLIN, is a Manager of CENTRAL FLORIDA TRANSPORT, LLC.

17.     Defendant, PATRICK MCLAUGHLIN, is involved in the day-to-day operation of Defendant, CENTRAL FLORIDA TRANSPORT, LLC.

18.     Defendant, PATRICK MCLAUGHLIN, guided the company policies of CENTRAL FLORIDA TRANSPORT, LLC.

19.     Defendant, PATRICK MCLAUGHLIN, actively engaged in the management, supervision, and oversight of Defendant, CENTRAL FLORIDA TRANSPORT, LLC.

4

20.     Defendant, PATRICK MCLAUGHLIN, had control over the financial affairs of Defendant, CENTRAL FLORIDA TRANSPORT, LLC.

21.     Defendant, PATRICK MCLAUGHLIN, could have authorized Defendant, CENTRAL FLORIDA TRANSPORT, LLC.'s compliance with the Fair Labor Standards Act.

22.     Defendant PATRICK MCLAUGHLIN, at all times material hereto was acting directly or indirectly in the interest of Defendant, CENTRAL FLORIDA TRANSPORT, LLC. in relation to CENTRAL FLORIDA TRANSPORT, LLC.'s truck drivers and was substantially in control of the terms and conditions of the truck drivers' work and is a statutory employer under 29 U.S.C. Section 203(d).

23.     MR. DREW was employed by CENTRAL FLORIDA TRANSPORT, LLC. and PATRICK MCLAUGHLIN to help it provide its hauling services to its customers by performing work as a truck driver to include hauling stone, lime rock, coal and dirt, within the State of Florida.

24.     MR. DREW was employed by Defendants from approximately October 2017 to September 2018.

25.     MR. DREW was classified as an independent contractor.

26.     MR. DREW was an employee of the Defendants within the meaning of the law and the FLSA.

27.     MR. DREW worked more than forty hours in numerous workweeks without receiving time-and-a-half his regular rate of pay.

28.     CENTRAL FLORIDA TRANSPORT, LLC. entered into an "Equipment Lease" with Mr. Drew.

29.     The "Equipment Lease" is a form document that was drafted and presented by CENTRAL FLORIDA TRANSPORT, LLC.

30.     The "Equipment Lease" purports to lease, on behalf of CENTRAL FLORIDA TRANSPORT, LLC., commercial trucks and driving services from MR. DREW.

31.     Under federal law and regulations, authorized motor carriers such as CENTRAL FLORIDA TRANSPORT, LLC., may perform authorized transportation in equipment that they do not own only if the equipment is covered by a written lease meeting the requirements set forth in the federal Truth-in-Leasing regulations at 49 C.F.R. § 376.12.

32.     The "Equipment Lease" does not comply with the requirements set forth in 49 C.F.R. § 376.12.

33.     By way of example only, the "Equipment Lease" does not: (1) specify the time and date or circumstances on which the lease begins or ends as requirement by 49 C.F.R. § 376.12(b) or (2) clearly specify who is responsible for loading and unloading the property onto and from the motor vehicle, and the compensation, if any, to be paid for this service. 49 C.F.R. § 376.12(e).

## IV.    FACTUAL ALLEGATIONS

34.     Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 11 through 33, above.

6

35.    CENTRAL FLORIDA TRANSPORT, LLC. provides hauling services within the State of Florida to its customers using its fleet of tractor trailer end dumps.

36.    MR. DREW and similarly situated employees were hired and employed by Defendants and were willfully misclassified as "independent contractors."

37.    MR. DREW was hired as a truck driver to provide hauling services to CENTRAL FLORIDA TRANSPORT, LLC.'s customers.

38.    Throughout his employment, MR. DREW, as well as other similarly situated truck drivers, had numerous workweeks where their hours exceeded forty.

39.    Because of the total amount of hours worked in a given workweek, the amount paid to MR. DREW was insufficient to satisfy the minimum wage. Furthermore, because of deductions made to MR. DREW's weekly remuneration, his hourly rate would be less than the applicable minimum wage.

40.    Not only did Defendants willfully misclassify MR. DREW as independent contractor, they also failed to maintain and keep accurate time records as required by the Fair Labor Standards Act.

41.    Defendants also failed to post the required notice pursuant to the Fair Labor Standards Act.

42.    Defendants had knowledge that MR. DREW, as well as other similarly situated truck drivers, were working overtime without proper compensation and were not receiving the statutory minimum wage for all hours worked.

43.     The Defendants failed to make a good faith effort to determine if the named Plaintiff and similarly situated truck drivers were properly classified as independent contractors.

44.     The Defendants failed to make a good faith effort to determine if the named Plaintiff and similarly situated truck drivers were being compensated appropriately pursuant to the FLSA.

45.     CENTRAL FLORIDA TRANSPORT, LLC. entered into an "Equipment Lease" with Mr. Drew.

46.     The "Equipment Lease" is a form document that was drafted and presented by CENTRAL FLORIDA TRANSPORT, LLC.

47.     The "Equipment Lease" purports to lease, on behalf of CENTRAL FLORIDA TRANSPORT, LLC., commercial trucks and driving services from MR. DREW.

48.     Under federal law and regulations, authorized motor carriers such as CENTRAL FLORIDA TRANSPORT, LLC., may perform authorized transportation in equipment that they do not own only if the equipment is covered by a written lease meeting the requirements set forth in the federal Truth-in-Leasing regulations at 49 C.F.R. § 376.12.

49.     The Equipment Lease fails to meet the requirements of 49 C.F.R. § 376.12.

## V.     COLLECTIVE ACTION ALLEGATIONS

50.     The named Plaintiff brings this action on behalf of himself and on behalf of similarly situated truck drivers.  Specifically, he brings his claim under the Fair Labor Standards Act as a collective action, and will request the Court to grant conditional

certification under 29 U.S.C. Section 216(b), and to order notices to potential opt-in individuals who: (1) are or were employed by Defendants at CENTRAL FLORIDA TRANSPORT, LLC.'s location in Coleman, Florida during the last three years; (2) performed the duties of truck driver; (3) were classified as independent contractors; and (4) were not properly paid overtime wages and/or minimum wages in violation of the Fair Labor Standards Act.

51. The named Plaintiff and the similarly situated truck drivers had the same job duty and were paid the same.

52. Defendants hired numerous truck drivers similarly situated to the named Plaintiff who performed the same work, were paid the same, and were subjected to the same illegal pay practices as the named Plaintiff.

53. Furthermore, the named Plaintiff, and all similarly situated truck drivers, were subject to the same common plan or scheme of being misclassified as independent contractors and denied minimum wage and overtime.

54. Defendants' unlawful compensation practices are in willful disregard of the rights of the named Plaintiff and other similarly situated truck drivers.

## COUNT I- COLLECTIVE ACTION
## VIOLATION OF THE OVERTIME PROVISION OF THE FAIR LABOR STANDARDS ACT- DEFENDANTS, CENTRAL FLORIDA TRANSPORT, LLC. AND PATRICK MCLAUGHLIN

55. Plaintiffs re-allege and incorporate herein the allegations contained in paragraphs11 through 54, above.

56. Throughout the employment of MR. DREW and all other similarly situated truck drivers, CENTRAL FLORIDA TRANSPORT, LLC. repeatedly and willfully

violated Section 7 and Section 15 of the Fair Labor Standards Act by failing to compensate MR. DREW and all other similarly situated truck drivers, at a rate not less than one and one-half times the regular rate at which they were employed for workweeks longer than forty (40) hours.

57.    Specifically, MR. DREW and all other similarly-situated truck drivers, worked numerous weeks in excess of forty (40) hours a week, yet were not compensated for all work in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which they were employed.

58.    Defendant, CENTRAL FLORIDA TRANSPORT, LLC. maintained control over MR. DREW and other similarly situated truck drivers' work.

59.    Defendant, CENTRAL FLORIDA TRANSPORT, LLC. controlled how much and when MR. DREW and all other similarly situated truck drivers could work.

60.    Plaintiff and all other similarly-situated truck drivers worked exclusively for CENTRAL FLORIDA TRANSPORT, LLC.

61.    Like a typical at-will employment arrangement, the relationship between Plaintiff and CENTRAL FLORIDA TRANSPORT, LLC. was for an indefinite period of time.

62.    Plaintiff and other similarly-situated truck drivers did not employ any workers.

63.    Plaintiff and other similarly-situated truck drivers were and are an integral part of CENTRAL FLORIDA TRANSPORT, LLC.'s business.

64.     Defendant, PATRICK MCLAUGHLIN, acted directly and indirectly in the interest of CENTRAL FLORIDA TRANSPORT, LLC. in relation to the Plaintiff and other similarly situated truck drivers.

65.     Defendant, PATRICK MCLAUGHLIN, acted in direct control over the work, pay, and job duties of the Plaintiff and all similarly situated truck drivers.

66.     Defendant, PATRICK MCLAUGHLIN: (1) had the power to hire and fire Plaintiff and similarly situated truck drivers; (2) supervised and controlled the work conditions of Plaintiff and similarly situated truck drivers; (3) determined the Plaintiff and similarly situated truck drivers' rate and method of payment; and (4) maintained employment records.

67.     Defendants failed to maintain and keep accurate time records as required by the Fair Labor Standards Act.

68.     Defendants failed to post the required notice pursuant to the Fair Labor Standards Act.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for the following:

(a)     Unpaid overtime wages found to be due and owing;

(b)     An additional equal amount equal to the unpaid overtime wages found to be due and owing as liquidated damages;

(c)     Prejudgment interest in the event liquidated damages are not awarded;

(d)     A reasonable attorney's fee and costs; and,

(e)     Such other relief as the Court deems just and equitable.

## COUNT II- COLLECTIVE ACTION
## VIOLATION OF THE MINIMUM WAGE PROVISION OF THE FAIR LABOR STANDARDS ACT- DEFENDANT, CENTRAL FLORIDA TRANSPORT, LLC. AND PATRICK MCLAUGHLIN

69.    Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 11 through 54, above.

70.    Throughout the employment of MR. DREW and all other similarly situated truck drivers, CENTRAL FLORIDA TRANSPORT, LLC. repeatedly and willfully violated Section 6 and Section 15 of the Fair Labor Standards Act by failing to compensate MR. DREW and all other similarly situated truck drivers, at the minimum hourly rate set by the Act for each hour worked.

71.    Specifically, MR. DREW and all other similarly situated truck drivers, worked numerous weeks throughout their employment where they were not compensated at a rate of pay equal to the minimum wage CENTRAL FLORIDA TRANSPORT, LLC. was required by law to pay.

72.    Defendant, CENTRAL FLORIDA TRANSPORT, LLC. maintained control over MR. DREW and other similarly situated truck drivers' work.

73.    Defendant, CENTRAL FLORIDA TRANSPORT, LLC. controlled how much and when MR. DREW and all other similarly situated truck drivers could work.

74.    Plaintiff and all other similarly-situated truck drivers worked exclusively for CENTRAL FLORIDA TRANSPORT, LLC.

75.    Like a typical at-will employment arrangement, the relationship between Plaintiff and CENTRAL FLORIDA TRANSPORT, LLC. was for an indefinite period of time.

12

76.     Plaintiff and other similarly-situated truck drivers did not employ any workers.

77.     Plaintiff and other similarly-situated truck drivers were and are an integral part of CENTRAL FLORIDA TRANSPORT, LLC.'s business.

78.     Defendant, PATRICK MCLAUGHLIN, acted directly and indirectly in the interest of CENTRAL FLORIDA TRANSPORT, LLC. in relation to the Plaintiff and other similarly situated truck drivers.

79.     Defendant, PATRICK MCLAUGHLIN, acted in direct control over the work, pay, and job duties of the Plaintiff and all similarly situated truck drivers.

80.     Defendant, PATRICK MCLAUGHLIN: (1) had the power to hire and fire Plaintiff and similarly situated truck drivers; (2) supervised and controlled the work conditions of Plaintiff and similarly situated truck drivers; (3) determined the Plaintiff and similarly situated truck drivers' rate and method of payment; and (4) maintained employment records.

81.     Defendants failed to maintain and keep accurate time records as required by the Fair Labor Standards Act.

82.     Defendants failed to post the required notice pursuant to the Fair Labor Standards Act.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for the following:

(a)     Wages found to be due and owing;

(b)     An additional equal amount equal to the unpaid minimum wages found to be due and owing as liquidated damages;

(c)     Prejudgment interest in the event liquidated damages are not awarded;

(d)     A reasonable attorney's fee and costs; and,

(e)     Such other relief as the Court deems just and equitable.

## COUNT III
## VIOLATION OF THE TRUTH IN LEASING ACT- DEFENDANT, CENTRAL FLORIDA TRANSPORT, LLC.

83.     Plaintiff re-allege and incorporate herein the allegations contained in paragraphs 11 through 54, above.

84.     The Equipment Lease provided by CENTRAL FLORIDA TRANSPORT, INC. violates numerous provisions of the Truth in Leasing Act.

85.     As a result of CENTRAL FLORIDA TRANSPORT, INC., MR. DREW has suffered damages.

WHEREFORE, Plaintiff demands judgment against Defendant for damages suffered as a result of Defendant's failure to comply with the Truth in Leasing Act.

## COUNT V
## VIOLATION OF 26 U.S.C. § 7434(a) - DEFENDANT, CENTRAL FLORIDA TRANSPORT, LLC.

86.     Plaintiff re-alleges and incorporate herein the allegations contained in paragraphs 11 through 54, above.

87.     With regards to the named Plaintiff, Defendant, CENTRAL FLORIDA TRANSPORT, INC., filed an "information return" as the term is used in 26 U.S.C. Section 7434(a).

14

88.    With regards to the named Plaintiff, Defendant, CENTRAL FLORIDA TRANSPORT, INC., filed a 1099-MISC with the Internal Revenue Code fraudulently reporting income in the form of "nonemployee compensation."

89.    Defendant, CENTRAL FLORIDA TRANSPORT, INC., initiated a plan and scheme to avoid paying Federal Insurance Contributions Act tax and other taxes it was legally obligated to pay.

90.    Defendant, CENTRAL FLORIDA TRANSPORT, INC.'s plan and scheme consisted of willfully and voluntarily classifying the named Plaintiff as an "independent contractor" and falsely reporting the wages the named Plaintiff earned as "nonemployee compensation."

91.    By intentionally classifying the named Plaintiff an "independent contractor" and willfully filing the fraudulent 1099-MISC, the Defendant, CENTRAL FLORIDA TRANSPORT, INC., effectuate its plan and scheme to avoid paying Federal Insurance Contributions Act tax and other taxes it was legally obligated to pay.

WHEREFORE, Plaintiff demands judgment against Defendant, CENTRAL FLORIDA TRANSPORT, INC. for the following:

(a)    Statutory damages pursuant to 26 U.S.C.§ 7434(b);

(b)    Actual damages sustained by Plaintiff as the proximate result of the filing of the fraudulent information returns pursuant to 26 U.S.C.§ 7434(b)(1);

(c)    Interest;

(d)    Costs of this action 26 U.S.C.§ 7434(b)(2);

(e)    Reasonable attorney's fees; and,

(f)     Such other relief as the Court deems just and equitable.

## **JURY TRIAL DEMAND**

Plaintiff demands a jury trial on all issues contained herein this Complaint.

Dated: April 3, 2019                              Respectfully submitted,

SCOTT C. ADAMS, ESQ.
Florida Bar No.: 0573442
Email: sadams@labaradams.com
N. RYAN LABAR, ESQ.
Florida Bar No.: 0010535
Email: rlabar@labaradams.com
LABAR & ADAMS, P.A.
2300 East Concord Street
Orlando, Florida 32803
(407) 835-8968 (phone)
(407) 835-8969 (facsimile)

16